UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SIMONE M. DICKSON,

                              Plaintiff,

              -against-

SCHENECTADY FAMILY COURT; JILL S.
POLK,

                              Defendants.

22-CV-2804 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Albany, New York, brings this *pro se* action against the

Schenectady Family Court and Judge Jill S. Polk of that court, alleging a violation of her rights.

For the following reasons, the Court transfers this action to the United States District Court for

the Northern District of New York.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim occurred, or a
substantial part of property that is the subject of the action is situated; or (3) if
there is no district in which an action may otherwise be brought as provided in
this section, any judicial district in which any defendant is subject to the court's
personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, 28

U.S.C. § 1391(c)(1), and an "entity with the capacity to sue and be sued" resides in any judicial

district where it is subject to personal jurisdiction with respect to the civil action in question, 28

U.S.C. § 1391(c)(2).

Plaintiff alleges that her claims arose in the Schenectady Family Court, in Schenectady County, New York, which is located in the Northern District of New York.[1] *See* 28 U.S.C. § 112(a). She lists an address for Judge Polk[2] in Schenectady, New York, but asserts that the judge is a citizen of both New York and New Jersey. (ECF 2, at 3-4). Because Plaintiff does not allege that Defendants reside in this District[3] or that a substantial part of the events or omissions underlying her claim arose in this District, venue does not appear to be proper in this District under Section 1391(b)(1) or (2).

Even if venue is proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

---

[1] The Court previously transferred to the Northern District of New York a prior action Plaintiff filed against the Albany Family Court, two magistrate judges of that court, and an individual who is described only as a FedEx employee. *See Dickson v. Albany Family Court*, ECF 1:22-CV-2239, 6 (S.D.N.Y. Mar. 25, 2022).

[2] The Court notes that Judge Polk is absolutely immune from suit for damages for any actions taken within the scope of her judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). In addition, as amended in 1996, Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

[3] The Schenectady Family Court is part of the New York State Unified Court System, *see* N.Y. Const. Art. 6, § 1(a) ("The unified court system for the state shall also include the district, town, city and village courts outside the city of New York, as hereinafter provided."), which "is unquestionably an 'arm of the State,'" *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). Plaintiff's claims against the Schenectady Family Court are effectively claims against the State of New York, which arguably resides in the Southern District of New York as well as the Northern District of New York. The State of New York, however, is immune from this suit as generally, "state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Id.* New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

"District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The alleged underlying events occurred in Schenectady County, in the Northern District of New York. Venue is therefore proper in the Northern District of New York. *See* 28 U.S.C. § 1391(b). Because Plaintiff does not reside in this district and all of the events giving rise to her claims took place outside this district, Plaintiff's choice of this forum is entitled to less deference. Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Northern District of New York. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons will not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 6, 2022
         New York, New York

                                         /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

4